Filing # 66577937 E-Filed 01/16/2018 01:25:14 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: 2018-001396-CA-01
Judge: _____

<u>Gehisa Sanabria Marquez</u>
Plaintiff
         vs.
<u>IBERIA LINEAS AEREAS DE ESPANA, S.A. OPERADORA CO.</u>
Defendant

---

**II.     TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – $50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☒ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
- ☒   Monetary;
- ☒   Non-monetary declaratory or injunctive relief;
- ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (      )**
(Specify)

<u>3</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐   Yes
- ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒   No
- ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒   Yes
- ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ John Andres Thornton</u>        FL Bar No.: <u>4820</u>
    Attorney or party                                          (Bar number, if attorney)

<u>John Andres Thornton 01/16/2018</u>
    (Type or print name)                                      Date

Filing # 66577937 E-Filed 01/16/2018 01:25:14 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO: 2018- 001396 CA-01

GEHISA SANABRIA MARQUEZ,

        Plaintiff,

v.

IBERIA LINEAS AEREAS DE ESPAÑA, S.A.
OPERADORA CO.,

        Defendant.

_____/

## COMPLAINT

    Plaintiff, Gehisa Sanabria Marquez, sues Defendant Iberia Lineas Aereas de

España, S.A. Operadora Co, ("Iberia"), and states as follows:

    1.    Plaintiff is a citizen and resident of Venezuela.  Due to the circumstances

alleged herein, Plaintiff is currently residing in Miami-Dade County.

    2.    Defendant is an airline registered to do business and doing business in the

State of Florida.  Defendant flies regular routes to and from Miami International Airport,

and maintains an office at Miami International Airport, Concourse F, 3rd Floor, Miami,

Florida.

    3.    Jurisdiction is proper in this Court pursuant to Fla. Stat. 48.193(1)(a)1.

Further, on information and belief, the property that Plaintiff seeks returned to her is

located, on a regular basis, in the State of Florida, at Miami International Airport.

    4.    The amount in controversy exceeds $15,000.00, exclusive of costs.

5.     On December 6, 2017 Defendant carried Plaintiff on a trip from Madrid to Miami.  At the beginning of this trip, Defendant's lead flight attendant had taken custody of Plaintiff's passport and promised to return it upon landing in Miami.

6.     Plaintiff witnessed Defendant's agent with the passport in hand on the aircraft.  The Passport is numbered 114980616, and is issued by the Bolivarian Republic of Venezuela.

7.     Upon landing in Miami, Defendant claimed to have lost the passport within or below a seat on the aircraft.  Defendant's agents escorted Plaintiff off the aircraft with the promise that Defendant would soon remove the seat at issue, retrieve the passport and provide it to Plaintiff.

8.     Defendant soon thereafter informed Plaintiff that it could not find the passport.  There is no reason to believe that the passport ever left the aircraft.

9.     Plaintiff was stranded in Miami with no passport.  She had no travel papers that would authorize entry into the United States.  She had no travel papers to return to her native Venezuela, and none could be obtained in Miami.  Even if she were to return there, she would be captive, as Venezuela is not issuing passports.  Her visa to travel to Spain was also in her passport.

10.     Plaintiff was allowed provisional entry into the United States, but her freedom remains greatly curtailed and threatened, and her legal status uncertain.

11.     Plaintiff has lost her freedom, accrued significant costs, and has lost opportunities for over one month.

12.     During this period, Defendant has ignored her requests to return her passport.

## COUNT I – REPLEVIN

13.  19.  Plaintiff incorporates paragraphs 1-12 as if fully stated herein.

14.  Plaintiff claims the following physical property, which she owns or has rights to control:  Passport # 114980616 issued to Gehisa Sanabria Marquez by the Bolivarian Republic of Venezuela.

15.  The Defendant wrongfully detains the property.

16.  The property is onboard an aircraft that can be found on a regular basis at Miami International Airport.

17.  The property has not been taken for a tax, assessment, or fine pursuant to law.

18.  The property has not been taken under an execution or attachment against the property of the Plaintiff or, if so taken, that it is by law exempt from such taking, setting forth a reference to the exemption law relied upon.

Wherefore, Plaintiff seeks the issuance of a writ of replevin for her passport.

## COUNT II – CONSTRUCTIVE TRUST

19.  Plaintiff incorporates paragraphs 1-12 as if fully stated herein.

20.  Defendant has in its possession property belonging to Defendant.

21.  Equity requires that Defendant make all reasonable efforts to return that property to Plaintiff within a reasonable period of time.

22.  This Court is empowered to fashion an equitable remedy suitable to the circumstances.  Here, because Plaintiff's freedom is curtailed, a reasonable equitable remedy would entail an order that would ensure that all appropriate efforts have been made to retrieve the passport.

Wherefore, Plaintiff seeks an order imposing a constructive trust on Defendant, and further, ordering Defendant to produce the passport within three days or be subject to an order requiring it to identify the aircraft and maintain the aircraft at Miami International Airport so that Plaintiff's representative may search the aircraft and retrieve the passport.

## COUNT III -- NEGLIGENCE

23.     Plaintiff incorporates paragraphs 1-12 as if fully stated herein

24.     Defendant took custody of but lost Plaintiff's passport.

25.     Defendant had a duty to maintain and return Plaintiff's passport.

26.     As a result of the breach of its duty, Plaintiff has suffered damages, including the loss of her freedom, per diem expenses, lost wages and lost opportunities.

Wherefore, Plaintiff seeks an award of damages and any and all other relief as this Court sees fit.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury of all issues so triable.

Dated: January 16, 2018.

Respectfully submitted,

**DO CAMPO & THORNTON, P.A.**
Chase Bank Building
150 S.E. Second St., Ste. 602
Miami, Florida 33131
Telephone:  (305) 358-6600
Facsimile:  (305) 358-6601

By:

*/s/ John Thornton*
JOHN THORNTON
Florida Bar No. 004820
jt@dandtlaw.com

Filing # 66702925 E-Filed 01/18/2018 12:49:57 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO: 2018-001396-CA-01

GEHISA SANABRIA MARQUEZ,

        Plaintiff,

  v.

IBERIA LINEAS AEREAS DE ESPAÑA, S.A.
OPERADORA CO.,

        Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on:

**IBERIA LINEAS AEREAS DE ESPAÑA, S.A. OPERADORA CO.,**
**c/o Registered Agent Carol Cecilia Guerrero Hoover**
**2261 NW 66th Avenue**
**Building 702, Suite 218**
**Miami, FL 33122**

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served o you to file a written response to the attached compliant with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book)

      If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a carbon copy or photocopy of your written response to the "plaintiffs' attorney" listed below:

John Thornton
do Campo & Thornton P.A.
Chase Bank Building
150 S.E. 2nd Avenue, Suite 602
Miami, Florida 33131
Tel: (305) 358-6600
Fax: (305) 358-6601

CLERK OF THE CIRCUIT COURT

Dated:_____          BY:_____
                              DEPUTY CLERK OF COURTS

## AFFIDAVIT OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 2018-001396-CA-01

Plaintiff:
**GEHISA SANABRIA MARQUEZ**

vs.

Defendant:
**IBERIA LINEAS AEREAS DE ESPANA, S.A. OPERADORAS CO.**

For:
John Thornton
Do Campo & Thornton, P.A.
100 S.E. 2nd St.
# 2700
Miami, FL 33131

Received by Executive Express Courier Services, LLC on the 25th day of January, 2018 at 10:30 am to be served on **IBERIAS LINEAS AEREAS DE ESPANA, S.A. OPERADORAS CO., C/O R.A.: CAROL CECILIA GUERRERO HOOVER, 2261 N.W. 66th AVENUE, SUITE # 218 , BLDG # 702, MIAMI, FL 33122.**

I, Nelson Navarrete, being duly sworn, depose and say that on the **29th day of January, 2018** at **12:15 pm**, I:

served a CORPORATE REGISTERED AGENT EMPLOYEE by delivering a true copy of the **Civil Action Summons AND Complaint** with the date and hour of service endorsed thereon by me, to: **RUTH CASANOVAS, FRONT DESK RECEPTIONIST** who is an employee for the Registered Agent for **IBERIAS LINEAS AEREAS DE ESPANA, S.A. OPERADORAS CO.,** at the address of: **2261 N.W. 66th AVENUE, SUITE # 218 , BLDG # 702, MIAMI, FL 33122,** and informed said person of the contents therein, in compliance with Federal Rules Of Civil Procedure, Florida state statute 48.081(3)(a) or other statute as applicable.

## <u>AFFIDAVIT OF SERVICE For 2018-001396-CA-01</u>

I certify that I am over the age of 18, have no interest in the above action, and I am a Process Server, in good standing, in the Judicial Circuit in which the process was served. Under penalty of perjury I declared I have read the foregoing documents and that the facts stated in it are true and correct. Pursuant to Florida Statutes 92.525.

Subscribed and Sworn to before me on the 1st day
of February, 2018 by the affiant who is personally
known to me.

NOTARY PUBLIC

MARA GARCIA
MY COMMISSION #GG106770
EXPIRES: JUN 07, 2021
Bonded through 1st State Insurance

Nelson Navarrete
C.P.S. # 1906

**Executive Express Courier Services, LLC**
4460 N.W. 73 Avenue
Miami, FL 33166
(305) 371-0292

Our Job Serial Number: JRT-2018035647
Ref: MARQUEZ VS IBERIA LINEAS

Copyright © 1992-2018 Database Services, Inc. – Process Server's Toolbox V7.1i

John Thornton,
Do Campo & Thornton, PA
150 S.E. 2nd Avenue
# 602
Miami, FL 33131

Iberia Lineas Aereas de España, S.A. Operadora Co.,
C/O R.A.: Carol Cecilia Guerrero Hoover
2261 NW 66 Avenue
# 218 - Bldg # 702
Miami, FL 33122

Filing # 67371819 E-Filed 02/01/2018 12:13:09 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO: 2018-001396 CA 01

GEHISA SANABRIA MARQUEZ,

        Plaintiff,

   v.

IBERIA LINEAS AEREAS DE ESPAÑA, S.A.
OPERADORA CO.,

        Defendant.
_____/

## EMERGENCY VERIFIED *EX PARTE* MOTION FOR RETURN OF PASSPORT, OR FOR ORDER TO SHOW CAUSE

Plaintiff, Gehisa Sanabria Marquez, hereby files this Emergency Verified Motion for Return of Passport or for Order to Show Cause, and in support states as follows:

1.    Plaintiff is a citizen and resident of Venezuela. Due to the circumstances alleged herein, Plaintiff is currently stranded in Miami-Dade County.

2.    On December 6, 2017 Iberia Airlines carried Plaintiff on a flight from Madrid to Miami. At the beginning of this flight, Defendant's lead flight attendant took custody of Plaintiff's passport and promised to return it upon landing in Miami.

3.    Plaintiff witnessed Defendant's agent with the passport in hand on the aircraft. The Passport is numbered 114980616, and is issued by the Bolivarian Republic of Venezuela.

4.    Upon landing in Miami, Defendant's agent claimed to have lost the passport within or below a seat on the aircraft. Defendant's agents escorted Plaintiff off

the aircraft with the promise that they would soon remove the seat at issue, retrieve the passport, and provide it to Plaintiff.

5.      Defendant soon thereafter informed Plaintiff that it could not find the passport. There is no reason to believe that the passport ever left the aircraft.

6.      Plaintiff was stranded in Miami with no passport. She had no travel papers that would authorize entry into the United States. She had no travel papers to return to her native Venezuela, and none could be obtained in Miami. Even if she were to return there, she would be captive, as Venezuela is not issuing passports. Her visa to travel to the United States was also in her passport.

7.      Plaintiff was allowed provisional entry into the United States, but her freedom remains greatly curtailed and threatened, and her legal status uncertain.

8.      Plaintiff has lost her freedom, accrued significant costs, and has lost opportunities for over almost two months.

9.      Plaintiff has filed and served this lawsuit, seeking an order of Replevin and equitable remedies. A copy of the Return of Service is attached hereto as Exhibit A.

10.    Defendant has not responded to date.

11.    Given that Plaintiff's freedom remains greatly curtailed and threatened, and her legal status uncertain, she respectfully requests an order that Defendant produce the passport within three days, or that it show cause why it should not be required to identify the aircraft that the Plaintiff's passport is located on, and maintain the aircraft at Miami International Airport so that Plaintiff's representative may search the aircraft and retrieve the passport.

12.    Plaintiff is serving this motion of Defendant by hand delivery on this date. Plaintiff will immediately serve the order requested on Plaintiff.

Dated: February 1, 2018.

Respectfully submitted,

**DO CAMPO & THORNTON, P.A.**
Chase Bank Building
150 S.E. Second Ave., Ste. 602
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By: _____
JOHN THORNTON
Florida Bar No. 004820
jt@dandtlaw.com

## VERIFICATION

PURSUANT TO 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed at Miami, Florida this 1st of February 2018.

_____
Gehisa Sanabria Marquez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent to all parties of record via the Florida Courts E-Filing Portal and hand delivered to Iberia Lineas Aereas de Espana, S.A. Operadora Co., c/o Registered Agent Carol Cecilia Guerrero Hoover, 2261 NW 66th Avenue, Suite 218, Building 702, Miami, FL 33122 on this 1st day of February 2018.

_____
JOHN THORNTON

3

## AFFIDAVIT OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 2018-001396-CA-01

Plaintiff:
GEHISA SANABRIA MARQUEZ

vs.

Defendant:
IBERIA LINEAS AEREAS DE ESPANA, S.A. OPERADORAS CO.

For
John Thornton
Do Campo & Thornton, P.A.
100 S.E. 2nd St.
# 2700
Miami, FL 33131

Received by Executive Express Courier Services, LLC on the 25th day of January, 2018 at 10:30 am to be served on IBERIAS LINEAS AEREAS DE ESPANA, S.A. OPERADORAS CO., C/O R.A.: CAROL CECILIA GUERRERO HOOVER, 2261 N.W. 66th AVENUE, SUITE # 218 , BLDG # 702, MIAMI, FL 33122.

I, Nelson Navarrete, being duly sworn, depose and say that on the 29th day of January, 2018 at 12:15 pm, I:

served a CORPORATE REGISTERED AGENT EMPLOYEE by delivering a true copy of the Civil Action Summons AND Complaint with the date and hour of service endorsed thereon by me, to: RUTH CASANOVAS, FRONT DESK RECEPTIONIST who is an employee for the Registered Agent for IBERIAS LINEAS AEREAS DE ESPANA, S.A. OPERADORAS CO., at the address of: 2261 N.W. 66th AVENUE, SUITE # 218 , BLDG # 702, MIAMI, FL 33122, and informed said person of the contents therein, in compliance with Federal Rules Of Civil Procedure, Florida state statute 48.081(3)(a) or other statute as applicable.



## AFFIDAVIT OF SERVICE For 2018-001396-CA-01

I certify that I am over the age of 18, have no interest in the above action, and I am a Process Server, in good standing, in the Judicial Circuit in which the process was served. Under penalty of perjury I declared I have read the foregoing documents and that the facts stated in it are true and correct. Pursuant to Florida Statutes 92.525.

Subscribed and Sworn to before me on the 1st day of February, 2018 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

MARA GARCIA
MY COMMISSION #GG106770
EXPIRES: JUN 07, 2021
Bonded through 1st State Insurance

Nelson Navarrete
C.P.S. # 1906

Executive Express Courier Services, LLC
4460 N.W. 73 Avenue
Miami, FL 33166
(305) 371-0292

Our Job Serial Number: JRT-2018035647
Ref: MARQUEZ VS IBERIA LINEAS

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1t

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO: 2018-001396 CA 01

GEHISA SANABRIA MARQUEZ,

        Plaintiff,

   v.

IBERIA LINEAS AEREAS DE ESPAÑA, S.A.
OPERADORA CO.,

        Defendant.

_____/

## ORDER

This Matter, having come before this Court on Plaintiff's Emergency *Ex Parte*
Motion For Return of Passport, or for Order to Show Cause, the Court, having been
advised of the premises, hereby **ORDERS** and **ADJUDGES** that the Motion is
**GRANTED**.   Defendant shall produce the Plaintiff's passport to Plaintiff within three
days of the date of this Order, or show cause why it shall not be required to identify the
aircraft that the Plaintiff's passport is located on, and maintain the aircraft at Miami
International Airport so that Plaintiff's representative may search the aircraft and retrieve
the passport.

Done and Ordered in Chambers in Miami, Florida this _____ day of February
2018.


_____
Hon. Barbara Areces
Circuit Court Judge


**EXHIBIT**

**B**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO: 2018-001396 CA 01

GEHISA SANABRIA MARQUEZ,

        Plaintiff,

    v.

IBERIA LINEAS AEREAS DE ESPAÑA, S.A.
OPERADORA CO.,

        Defendant.

_____ /

## NOTICE OF HEARING
*(Show Cause Calendar)*

    **PLEASE TAKE NOTICE** that the Plaintiff sets the following hearing before the

Court:

**DATE:**        Wednesday, February 14, 2018

**TIME:**        10:00 a.m.

**JUDGE:**      Honorable Barbara Areces

**LOCATION:** Dade County Courthouse
             73 West Flagler Street, Courtroom #243
             Miami, FL 33130

**SUBJECT:**    Emergency Verified *Ex Parte* Motion for Return of Passport, or For Order to
             Show Cause

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent to all parties of record via the Florida Courts E-Filing Portal and via US Mail to Iberia Lineas Aereas de Espana, S.A. Operadora Co., c/o Registered Agent Carol Cecilia Guerrero Hoover, 2261 NW 66th Avenue, Suite 218, Building 702, Miami, FL 33122 on this 5th day of February 2018.

DO CAMPO & THORNTON, P.A.
Miami Tower
100 S.E. Second St., Ste. 2700
Miami, Florida 33131
Telephone:  (305) 358-6600
Facsimile:  (305) 358-6601

By:

/s/ *John Thornton*
JOHN THORNTON
Florida Bar No. 004820
jt@dandtlaw.com

2

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO:  2018-001396 CA 23

-------------------------------------------------------------------- x

GEHISA SANABRIA MARQUEZ,                          :
                                                  :
                                   Plaintiff,     :
                                                  :
         v.                                       :
                                                  :
                                                  :
IBERIA LINEAS AEREAS DE ESPAÑA, S.A.              :
OPERADORA CO.,                                    :
                                                  :
                                   Defendant.     :
                                                  :
                                                  :
-------------------------------------------------------------------- x

### NOTICE OF APPEARANCE ON BEHALF OF DEFENDANT IBERIA AIRLINES

        The undersigned lawyer hereby gives notice of appearance of counsel for the Defendant, Iberia Lineas Aereas De Espana, S.A. Operadora Co. ("Iberia Airlines") and asks that all pleadings, orders and other documents in this action be served on me at the email shown below shown below.

Dated   February 13, 2018              Respectfully submitted,

        **CONDON & FORSYTH LLP**

        By: */s/ Robert C. Owens*
                Robert C. Owens
                Florida Bar No. 273988
        18890 SW 264th Street
        Miami (Homestead), Florida 33031
        Telephone: (305) 245-6813
        Facsimile: (305) 245-6403
        Email: bobowens@avlaw.com

        *Counsel for Defendant Iberia Airlines*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day, I electronically filed the foregoing document with the Clerk of the Court using the e-Filing Portal. I further certify that a true and correct copy of the foregoing document is being served this day, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), via the Court's e-Filing Portal and/or electronic transmission on:

JOHN THORNTON
Florida Bar No. 004820
DO CAMPO & THORNTON, P.A.
Miami Tower
100 S.E. Second St., Ste. 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601
Email: jt@dandtlaw.com

*Counsel for Plaintiff,*
*Gehisa Sanabria Marquez*

By:      */s/    Robert C. Owens*
         Robert C. Owens

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO:  2018-001396 CA 23

---------------------------------------------------------------- x

GEHISA SANABRIA MARQUEZ,                    :
                                            :
                    Plaintiff,              :
                                            :
        v.                                  :
                                            :
                                            :
IBERIA LINEAS AEREAS DE ESPAÑA, S.A.        :
OPERADORA CO.,                              :
                                            :
                    Defendant.              :
                                            :
---------------------------------------------------------------- x

### <u>NOTICE OF APPEARANCE ON BEHALF OF DEFENDANT IBERIA AIRLINES</u>

The undersigned lawyer hereby gives notice of appearance of counsel for the Defendant, Canada for Iberia Lineas Aereas De Espana, S.A. Operadora Co., ("Iberia Airlines") and ask that all pleadings, orders and other documents in this action be served on me at the email shown below shown below.

Dated   February 13, 2018                    Respectfully submitted,

**CONDON & FORSYTH LLP**

By: */s/ Robert C. Owens*
        Robert C. Owens
        Florida Bar No. 273988
18890 SW 264th Street
Miami (Homestead), Florida 33031
Telephone: (305) 245-6813
Facsimile: (305) 245-6403
Email: bobowens@avlaw.com

*Counsel for Defendant Iberia Airlines*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day, I electronically filed the foregoing document with the Clerk of the Court using the e-Filing Portal. I further certify that a true and correct copy of the foregoing document is being served this day, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), via the Court's e-Filing Portal and/or electronic transmission on:

JOHN THORNTON
Florida Bar No. 004820
DO CAMPO & THORNTON, P.A.
Miami Tower
100 S.E. Second St., Ste. 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601
Email: jt@dandtlaw.com

*Counsel for Plaintiff,*
*Gehisa Sanabria Marquez*

By:     */s/    Robert C. Owens*
        Robert C. Owens

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO: 2018-001396 CA 23

```
----------------------------------------------------------------- x
GEHISA SANABRIA MARQUEZ,                           :
                                                   :
                         Plaintiff,                :
                                                   :
         v.                                        :
                                                   :
                                                   :
IBERIA LINEAS AEREAS DE ESPAÑA, S.A.               :
OPERADORA CO.,                                     :
                                                   :
                         Defendant.                :
                                                   :
----------------------------------------------------------------- x
```

## NOTICE OF FILING DECLARATION OF FRANCISCO POLLAN

The undersigned lawyer, as counsel appearing for Defendant, Iberia Lineas Aereas De

Espana, S.A. Operadora Co., ("Iberia Airlines"), hereby gives notice of filing the Declaration of

Francisco Pollan for use by Iberia Airlines at the hearing on Plaintiff's Emergency Motion and for

Order To Show Cause scheduled for 10 a.m. on February 14, 2018, and for use otherwise by Iberia

Airlines in these proceedings.

Dated   February 13, 2018          Respectfully submitted,

**CONDON & FORSYTH LLP**

By: */s/ Robert C. Owens*
        Robert C. Owens
        Florida Bar No. 273988
18890 SW 264th Street
Miami (Homestead), Florida 33031
Telephone: (305) 245-6813
Facsimile: (305) 245-6403
Email: bobowens@avlaw.com
*Counsel for Defendant Iberia Airlines*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day, I electronically filed the foregoing document with the Clerk of the Court using the e-Filing Portal. I further certify that a true and correct copy of the foregoing document is being served this day, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), via the Court's e-Filing Portal and/or electronic transmission on:

JOHN THORNTON
Florida Bar No. 004820
**DO CAMPO & THORNTON, P.A.**
Miami Tower
100 S.E. Second St., Ste. 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601
Email: jt@dandtlaw.com

*Counsel for Plaintiff,*
*Gehisa Sanabria Marquez*

By:      /s/    *Robert C. Owens*
            Robert C. Owens

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

**CASE NO: 2018-001396 CA 23**

-------------------------------------------------------------- x

**GEHISA SANABRIA MARQUEZ,**                              :

            **Plaintiff,**                              :

    **v.**                              :

                                                :

**IBERIA LINEAS AEREAS DE ESPAÑA, S.A.**                              :
**OPERADORA CO.,**                              :

            **Defendant.**                              :

                                                  :

-------------------------------------------------------------- x

## DECLARATION OF FERNANDO POLLAN

**STATE OF FLORIDA**      )
                        **ss.:**
**COUNTY OF MIAMI DADE**   )

    FERNANDO POLLAN, swears the following under the penalties provided by law:

1.    I am currently the Senior Service Manager and Litigation Coordinator for the United States and Canada for Iberia Lineas Aereas De Espana, S.A. Operadora Co., ("Iberia Airlines"). I have held this position for the past 33 years.

2.    As the Senior Service Manager and Litigation Coordinator for the United States and Canada for Iberia Airlines my duties include reviewing and investigating litigation claims filed against Iberia Airlines.

3.    I am familiar with the claim of Gehisa Sanabria Marquez who commenced the within action against Iberia Airlines. I am familiar with the underlying facts of this claim, because I investigated the claim.

4.    It is my understanding that Ms. Marquez is a Venezuelan national that was checked through Madrid, Spain by American Airlines in Aruba on December 6,

2017. When Ms. Marquez arrived in Spain she was not permitted entry into the country because she was returning to Spain earlier than permitted.

5.   Ms. Marquez was sent back to Miami on Iberia Airlines flight IB6123 on December 6, 2017.

6.   In accordance with established procedures of the Madrid Airport police, a crew member was handed Ms. Marquez's passport by the Madrid Airport police to retain until the flight landed in Miami, whereby it was to be handed to U.S. Customs and Border Protection ("CBP") personnel.

7.   Attached is hereto is the Incident Report of Purser Carlos Martinez Sainz prepared and maintained in the ordinary course of business of Iberia from IB6123 on December 6, 2017. I am familiar with the practices of Iberia in preparing and maintaining such reports. I have translated the report with Google Translate and added parentheticals where the strict translation did not adequately convey the meaning of the word in English in the context of Iberia's operation.

8.   Ms. Marquez's request for Iberia Airlines to bring aircraft to Miami International Airport so that plaintiff's representative may search the aircraft in an attempt to retrieve the passport will create a disruption of operations and great financial expense to Iberia Airlines with no likelihood of her finding the passport.

9.   A more thorough search for the passport on the subject aircraft would require an expert of the Airbus A330 aircraft in order to dismantle the aircraft. This type of inspection could not be conducted at Miami International Airport as this type of inspection would take many hours of labor and could only be conducted in a properly qualified aircraft maintenance and repair facility. Such a tear down and inspection is conducted at intervals of a number of years.

Under penalties of perjury, I declare that I have read the foregoing Declaration and that the facts stated in it are true.

Fernando Pollan
Senior Service Manager and Litigation Coordinator USA & Canada
Iberia Lineas Aereas DeEspana, S.A. Operadora Co.

2

### Incident Report From Iberia Purser Carlos Martínez Sainz on Iberia Flight 6123 Madrid-Miami Dec. 6, 2017

Al acabar el vuelo me reclama la escala la documentación de la pasajera y desafortunadamente no apareció, normalmente las dejo en el almacenillo de al lado del IFE. Buscamos por todas partes, por detrás de los transportines, los asientos, carros y los SU del servicio. Tanto el comandante como el resto de la tripulación y yo lo buscamos, así como el encargado del mantenimiento de la escala.

El pasaporte no apareció por ningún sitio. Hablé con la escala y me dijeron que ellos se hacían cargo de la señora y de buscar el pasaporte, que al tener visado americano no tendría ningún problema.

Al día siguiente me dijeron los de mantenimiento que se habían llevado el avión a un hangar para revisarlo completamente y tampoco apareció. Según me contó la escala, la pasajera pudo entrar el EEUU gracias a su visado, supongo que con algún pasaporte provisional.

Lamento sinceramente el hecho. Hemos pensado que  tal vez alguien lo sustrajo al encontrarlo a la vista y pudiera habérselo quedado, o incluso que hubiera podido caer al suelo o la basura, pero nunca apareció.

Quedando a vuestra disposición para cualquier aclaración o comentario sobre el tema en cuestión, os mando un saludo.

Carlos Martínez Sainz.

### Translation of Incident Report (Enhanced With Parentheticals for Understanding)

At the end of the flight, I was asked to scale (*by the station for*) the documentation of the passenger and unfortunately it did not appear, I usually leave it in the warehouse (*storage*) next to the IFE (*In Flight Entertainment system*). We look everywhere, behind the carriers (*jump seats*), seats, cars (*meal carts*) and service SUs (*service units, i.e., containers to store drinks, documents and other supplies needed onboard*). Both the commander (*captain*) and the rest of the crew and I looked for him (it; i.e., the passport), as well as the person in charge of maintaining the scale (*station*).

The passport did not appear anywhere. I spoke with the scale (*station*) and they told me that they took care of the lady and to look for the passport, that having an American visa would not have any problem.

The next day, maintenance workers told me that they had taken the plane to a hangar to check it completely and it did not appear either. According to the scale (*station*), the passenger was able to enter the US thanks to her visa, I suppose with a provisional passport.

I sincerely regret the fact. We have thought that maybe someone stole it when it was found in sight and could have been left behind, or even that it could have fallen to the ground or the garbage, but it never appeared.

Being at your disposal for any clarification or comment on the subject in question, I send a greeting.

Carlos Martinez Sainz

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO: 2018-001396 CA 01

GEHISA SANABRIA MARQUEZ,

      Plaintiff,

v.

IBERIA LINEAS AEREAS DE ESPAÑA, S.A.
OPERADORA CO.,

      Defendant.

_____/

**ORDER** TO APPEAR AND SHOW CAUSE

This Matter, having come before this Court on Plaintiff's Emergency *Ex Parte*

Motion For Return of Passport, or for Order to Show Cause, the Court, having heard the

motion and argument of counsel, and having been advised of the premises, hereby

**ORDERS** and **ADJUDGES** that the Motion is Granted.

The Defendant shall appear on March 1, 2018 at 10:30 a.m. and either delivers the passport or show cause as to why the passport cannot be returned. Defendant shall video (including video by cellphone) the search and provide the video for viewing.

Done and Ordered in Chambers in Miami, Florida this 14th day of February

2018.

Hon. Barbara Areces
Circuit Court Judge